```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

CHRISTOPHER and LESLIE LECHNER     §
                                   §
VS.                                §     CIVIL NO. 4:09-CV-302-Y
                                   §
CITIMORTGAGE, INC., ET AL.         §

## ORDER GRANTING MOTIONS TO DISMISS

Pending before the Court are the motions to dismiss filed by defendants Citimortgage, Inc. ("Citimortgage"); NTFN, Inc. ("NTFN"); Colson Mortgage Company, Inc. ("Colson"); Dominique Varner; and Diane Gardner (docs. # 17, 19, 20, 23, and 35). After review, the Court grants the motions. Plaintiffs' complaint will be dismissed. Plaintiffs will, however, be given an opportunity to submit an amended complaint.

I.   Background

On May 29, 2009, Plaintiffs filed the instant suit. Generally, Plaintiffs contest the financing arrangement relating to their purchase of a parcel of residential property. According to Plaintiffs, the value of the property was over-appraised, resulting in a loan in excess of the true value of the house. Plaintiffs further contend that the loan bears a usurious interest rate and was not accompanied by disclosures required by law. Plaintiffs also aver that the defendants received fees relatingd to the loan agreement that are prohibited by law.

Each defendant served with summons has filed a motion to dismiss. But Plaintiffs have not filed responses to the motions now before the Court. As for the motions filed by Citimortgage, Colson, Varner, and Gardener, Plaintiffs were previously granted a two-week extension of time to file responses. Plaintiffs filed a motion seeking a second

extension, but their motion did not establish cause for additional time.  NTFN's motion was filed on July 20, 2009.  However, the motion raises the same arguments as the motions filed by the other defendants.  Thus, the Court will consider NTFN's motion along with the others.

II. Discussion

    A.  Dismissal for Defects in Process and Service

        1.  Standard

Under Federal Rule of Civil Procedure 12(b), a defendant may move for dismissal based on the insufficiency of the service of process on him, or insufficiency in the process itself.  *See* FED. R. CIV. P. 12(b)(4), (5).  A motion under Rule 12(b)(4) or 12(b)(5) must be presented along with, or prior to, the movant's first responsive pleading.  *See Faber v. United States*, 69 F.Supp.2d 965, 967 (W.D. Mich. 1999).  Additionally, a motion under these rules must be made before, or along with, any other motion under Rule 12(b).  *See O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400-01 (7th Cir. 1993).  The motions challenging process and service were timely under these principles.

In ruling on a motion to dismiss based on insufficient process or service, a court looks to Rule 4, which sets out the requirements for a summons and governs service of process.  *See*, *e.g.*, Pickett v. City of Houston, No. H.08-2734, 2009 U.S. Dist. LEXIS 36125, at *4-*9 (S.D. Tex. Apr. 29, 2009).  The burden of proof is on the party asserting the sufficiency of the process and service at issue.  *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980) *overruled on other grounds by Ins. Corp. of Ir. v.*

*Compagnie Des Bauxites De Guinee*, 456 U.S. 694 (1982) (citing 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (1975)). Even so, absent a showing of prejudice to the defendant or evidence of flagrant disregard of the rules of procedure, "a minor, technical error" does not justify dismissal. *See La. Acorn Fair Housing v. Quarter House*, 952 F. Supp. 352, 355 (E.D. La. 1997).

2. Analysis

In their motions, defendants Citimortgage, Inc.; Diane Gardener; and Dominque Varner challenge the sufficiency of the process issued in this case. Gardener notes that the summons that Plaintiffs attempted to serve on her was issued to Judith O. Smith Mortgage Group. Judith O. Smith is not named as a defendant in this case. Similarly, Varner states that the summons that Plaintiffs attempted to serve on her was issued to Hughes, Watters, & Askanase, LLP. Hughes, Watters, & Askanase is not named as a defendant in this case. Thus, Plaintiffs have not complied with Rule 4(a) with regard to Varner and Gardener. *See* FED. R. CIV. P. 4(a)(1)(B) (summons must be "directed to the defendant"). And this is not a case in which the defendant's actual notice of the suit mitigates technical deficiencies in the process. *Cf. Quarter House*, 952 F. Supp. At 355 (denying dismissal under Rule 12(b)(4) where summons was issued in name highly similar to defendant's actual name and defendant had actual notice). Accordingly, Gardener and Varner's motions to dismiss will be granted on this point.

Defendant Citimortgage also argues for dismissal due to defects in the process. Citimortgage notes that Rule 4(a) requires that the summons "name the court and the parties." FED. R. CIV. P. 4(a)(1)(A).

3

Citimortgage argues that the summons did not list all of the defendants to this suit. But Citimortgage acknowledges that it was named in the summons and has notice of the suit. Consequently, Citimortgage's motion will be denied on this point.

Gardern, Varner, and Citimortgage further argue that service in this case was improper. Plaintiffs attempted to effect service via certified mail. Rule 4 requires that, unless state procedures are invoked under Rule 4(e)(1), service must be made by personal delivery or by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2); 4(h). Service by mail does not satisfy Rule 4(e)(2)'s requirement of personal delivery. *See* FED. R. CIV. P. 4(e) 1993 advisory committee's note ("Paragraph (2) . . . authorizes the use of . . . personal [service] . . . ."); *see also Bowers v. Janey*, 468 F. Supp. 2d 102, 106-07 (D.D.C. 2006) (service by mail does not satisfy Rule 4(e)(2), which requires personal service). The motions to dismiss will be granted on these points.

These defendants further argue that service was defective because it was sent by Plaintiffs personally. Rule 4(c)(2) requires that service be made by "[a]ny person who is at least 18 years old *and not a party*." FED. R. CIV. P. 4(c)(2) (emphasis added). These defendants state, and the record confirms, that Plaintiffs attempted to effect service by mailing copies of the summonses and complaint themselves. And to the extent that Plaintiffs might rely on Rule 4(e)(1) and Texas law on service of process, Texas law does not allow service by a party either. *See* TEX. R. CIV. P. 103. The motions to dismiss, therefore, will be granted on this point as well.

4

B.  Dismissal for Failure to State a Claim

1.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted."  This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court.  Rule 8(a) calls only for "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions).  As a result, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."  *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  And the plaintiff is aided by the requirement that, in reviewing the sufficiency of his pleadings, a court must indulge "the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555.  That is, the Court must accept as true all well pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff.  *See Kaiser Aluminum & Chem. Sales*, 677 F.2d at 1050.

2. Analysis

All of the defendants seek dismissal under Rule 12(b)(6). Guided by their motions, the Court concludes that such dismissal is proper. Plaintiff's prolix complaint is rambling and replete with references to inapposite authorities and irrelevant factual matters. For instance, as part of the complaint Plaintiffs criticize the global decline in the housing market and liken the defendants' participation in the financing of Plaintiffs' purchase of a house to terrorism. Such irrelevant allegations have no bearing on the plausibility of Plaintiffs' claims for relief. Therefore, they play no role in the Court's analysis.

And although it is over 60 pages in length, Plaintiffs' complaint does not include sufficient factual allegations to state a claim against any defendant. Instead, Plaintiffs' complaint amounts to series of conclusory allegations and legal assertions, which are entitled to no weight in the Court's review of the motions to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (concluding that a court need not accept legal conclusions as true, and that conclusory allegations are insufficient to state a claim). Indeed, Plaintiffs never provide any description of the property related to the challenged loan transaction, nor do they provide dates for significant events related to the loan transaction.

Simply put, at no point does Plaintiffs' convoluted complaint provide a short and plain statement of their claims enabling the defendants to respond and mount a defense, as required by Rule 8(a)(2). Throughout the complaint, Plaintiffs' refer to defendants collectively, despite the fact that an array of individuals and entities have been named as defendants. Colson, Varner, and Gardener

each note that the complaint does not contain a single specific reference to them, or factual allegations that would put them on notice of their alleged role in Plaintiffs' claims. Based on this, Plaintiffs' claims for RICO violations, civil conspiracy, usury, and to quiet title will be dismissed.

The generality and obscurity of Plaintiffs' complaint is particularly problematic given the nature of some of their claims. Plaintiffs allege both fraud and fraudulent misrepresentation against all of the defendants. Under Rule 9(b) "a party must state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b). To satisfy Rule 9(b), the plaintiff must allege with specificity "the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Plaintiffs' complaint falls well short of meeting this standard.

Similarly, Plaintiffs' claim for breach of fiduciary duty demonstrates the inadequacy of their complaint. Under Texas law, a fiduciary duty exists under only limited circumstances. *See Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 593-94 (Tex. 1992); *see also ARA Automotive Group v. Central Garage, Inc.*, 124 F.3d 720 (5th Cir. 1997) (noting that since *Crim Truck* few Texas cases have found a fiduciary relationship to exist outside of certain legal relationships that carry such duty as a matter of law). Plaintiffs' pleadings simply fail to address how the circumstances of its relationship with any of the defendants created a fiduciary duty.

Citimortgage and NTFN seek dismissal on the grounds that the pleadings and properly considered documents establish that the statute

7

of limitations has expired as to any claim Plaintiffs might have against them.  Plaintiffs' claims under the Home Ownership Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Truth In Lending Act ("TILA") are all subject to a one-year statute of limitations.  *See* 12 U.S.C. § 2614; 15 U.S.C. § 1640(e); *Harris v. EMC Mortg. Corp.*, No. A.01-4868, 2002 WL 32348324, at *2 (E.D.Pa. Apr. 10, 2002) (a claim under HOEPA, as an amendment to TILA, is subject to TILA's statute of limitations). Plaintiffs' claims are based on the defendants' role in the financing of Plaintiffs' purchase of residential property.  The relevant loan agreement was entered on June 1, 2006.[1]  Plaintiffs' complaint was filed May 29, 2009.  Thus, their claims under HOEPA, TILE, and RESPA are time barred.

Plaintiffs' unjust-enrichment claim is also time barred.  A claim of unjust enrichment is subject to a two-year statute of limitations. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). Plaintiffs base their claim for unjust enrichment on the defendants' receipt of undisclosed fees relating to the purchase of the property at issue.  Because this purchase occurred on June 1, 2006, and Plaintiffs did not file their complaint until May 29, 2009, their unjust-enrichment claim is also time barred.

Citimortgage and NTFN also argue that HOEPA and TILA do not apply to Plaintiffs' loan because it is a "residential loan transaction" as defined by those statutes.  *See* 15 U.S.C. § 1639(a). Residential loan transaction is defined as a "transaction in which a mortgage, deed of

---

[1] Citimortgage's App. at 9-12, 13-28.  Citimortgage has submitted a copy of the note and loan documents along with its motion to dismiss.  Consideration of such documents is proper due to Plaintiffs' reliance on and reference to the documents in their complaint.  *See Collins v. Morgan Stanely Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." *Id.* § 1602(w). The pleadings and properly considered documents provided by Citimortgage and NTFN establish that the loan at issue is a residential loan transaction and, therefore, not subject to HOEPA or TILA. *Id.* §§ 1639(a), 1602(aa).

Finally, Citimortgage and NTFN argue that there is no private right of action under the Fair Credit Reporting Act. Plaintiffs appear to rely on 15 U.S.C. § 1681s-2. But the United States Court of Appeals for the Fifth Circuit has never recognized a private right of action under this section, and district courts in the Fifth Circuit have concluded that no private right exists. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); *Patterson v. Sierra Pac. Mort. Co.*, No. 3:07-CV-1601-G, 2008 WL 2596904, at *6 (N.D. Tex. July 1, 2008). Thus, this claim will be dismissed.

III. Conclusion

Accordingly, the motions to dismiss are granted, except as to Citimortgage's argument regarding the sufficiency of the summons. The Court has previously granted the motion to dismiss filed by defendants Stewart Title North Texas Division and Nicole Robertson. Only John Doe and Jane Roe defendants remain.

This dismissal is without prejudice. Before a district court dismisses claims with prejudice, the plaintiff must be given a "fair opportunity to make his case." *Schiller v. Physicians Res. Group,*

*Inc.*, 342 F.3d 563, (5th Cir. 2003).  In order to give Plaintiffs, who are proceeding pro se, a fair opportunity to present any claims they may have, the Court will allow Plaintiffs to file a motion for leave to amend their complaint.  *See Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992) (holding that after a complaint has been dismissed the plaintiff must seek leave to file an amended complaint, regardless of whether a responsive pleading has been filed). Plaintiffs' motion for leave must be accompanied by their proposed amended complaint.  *See* N.D. Tex. Loc. R. Civ. P. 15.1.  The proposed complaint must comply with Rule 8(a)(2) by providing a short and plain statement of their claims, complete with supporting factual allegations, and must omit any irrelevant allegations.  And the motion for leave must establish why the amended complaint states a claim against the defendants.  *See Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 531 (5th Cir. 2004) (holding that district court, having granted a motion to dismiss, properly denied plaintiff's motion to amend because the proposed amendment did not cure the complaint's defects). Plaintiffs' motion for leave must be filed no later than August 18, 2009.  In the event that Plaintiffs do not timely file a motion for leave, or their motion for leave does not establish that their filing of an amended complaint is appropriate, their complaint will be dismissed with prejudice.

    SIGNED July 29, 2009.

                                            _____
                                            TERRY R. MEANS
                                            UNITED STATES DISTRICT JUDGE

TRM/jar                              10